NO. 07-07-0177-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 25, 2008
                                       ______________________________

GUADALUPE ROSALES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 331ST DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-DC-06-500380; HONORABLE BOB PERKINS, JUDGE
_______________________________


Before CAMPBELL and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Guadalupe Rosales, was convicted of two counts of sexual assault. 
Appellant was sentenced to 15 years confinement in the Institutional Division of the Texas
Department of Criminal Justice, with the sentences to run concurrently. Appellant appeals
these convictions. We affirm.
          Appellant’s attorney has filed an Anders brief and a motion to withdraw. See Anders
v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 498 (1967). In support of her motion
to withdraw, counsel certifies that she has diligently reviewed the record and, in her
opinion, the record reflects no reversible error upon which an appeal can arguably be
predicated. Id. at 744-45. In compliance with High v. State, 573 S.W.2d 807, 813
(Tex.Crim.App.1978), counsel has candidly discussed why, under the controlling
authorities, there is no error in the trial court’s judgments. Additionally, counsel has
certified that she has provided appellant a copy of the Anders brief and motion to withdraw
and appropriately advised appellant of his right to file a pro se response in this matter. See
Stafford v. State, 813 S.W.2d 503, 510 (Tex.Crim.App. 1991). The court has also advised
appellant of his right to file a pro se response. Appellant has not filed a response.
          By her Anders brief, counsel raises grounds that could possibly support an appeal,
but concludes the appeal is frivolous. We have made an independent review of the entire
record to determine whether there are any arguable grounds which might support an
appeal. See Penson v. Ohio, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988);
Bledsoe v. State, 178 S.W.3d 824, 826-27 (Tex.Crim.App. 2005). We have found no such
arguable grounds and agree with counsel that the appeal is frivolous.
          Accordingly, counsel’s motion to withdraw is hereby granted and the trial court’s
judgments are affirmed.
 
                                                                           Mackey K. Hancock

                                                                                     Justice





Do not publish. 




sess narcotics
do not generally leave them lying around, and 11) the rock substance appeared fresh
because it had not yet begun to crumble or dissolve. Given what could be viewed as
appellant’s attempt to evade detention, the criminal history surrounding the motel from
which appellant left, the time of night, appellant’s length of stay at the motel, and the
other evidence mentioned above, a rational jury could logically infer, beyond a
reasonable doubt, not only that appellant knew the contraband was there but also that
he knowingly exercised care, custody, or control over it. 
Appellant’s father did testify that he had rented the vehicle and that he allowed
his five sons, adult grandchildren, and friends to drive it. However, he did not know who
had driven the vehicle the day appellant was detained in it. While this information
suggests that others had access to and drove the car, without more, this falls short of
being some evidence tending to illustrate that anyone else had actually driven it
immediately before appellant did. Nor can one reasonably infer from it, without more,
that any of the other relatives or friends who had the opportunity to drive the car left the
cocaine in it. Consequently, we do not find this or any other evidence of record of such
persuasiveness as to undermine our confidence in the verdict. 
Because both the verdict and judgment had the support of legally and factually
sufficient evidence, we overrule appellant’s issues and affirm the judgment.
 
                                                                Brian Quinn
                                                               Chief Justice 
 
Do not publish.